**5**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman, SBN 303010
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone: (916) 485-1111
E-mail: Gabe@4851111.com

Attorney for Debtor AME Zion Western Episcopal District

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No. 2020-23726-A-11 |
| | DCN: GEL-6 |
| AME ZION WESTERN EPISCOPAL DISTRICT, a California corporation | Date: November 23, 2020<br>Time: 1:30 p.m.<br>Location: 501 I Street, 7th floor, Courtroom 28; Sacramento, CA |
| FEIN: 81-4137820, | |
| Debtor. | Judge: Honorable Fredrick E. Clement |

**MOTION FOR ORDER EXTENDING EXCLUSIVITY PERIOD**

AME ZION WESTERN EPISCOPAL DISTRICT, A California corporation, the debtor in possession in the above-referenced case ("Debtor"), files this motion (the "Motion") for entry of an order extending by two months the exclusive period of time during which only the Debtor may file a plan of reorganization. The Debtor seeks an extension of the exclusive period for the Debtor to file a plan of reorganization from November 27 to January 26, 2021. This Motion is based on the memorandum of points and authorities below, the Declaration of Lewis Clinton in Support of this Motion, the pleadings and papers on file in this case, and such other evidence and argument as may be submitted before or during the hearing on this Motion.

- 1 -

**REQUEST FOR RELIEF**

By this Motion, the Debtor requests the Court to enter an order:

    a. Extending the exclusive period for the Debtor to file a plan of reorganization to January 26, 2021; and

    b. For such other relief as is just and proper.

**JURISDICTION**

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory basis for relief is 11 U.S.C. § 1121(d).

**BACKGROUND AND FACTS IN SUPPORT OF THE MOTION**

1. On July 30, 2020 Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing its bankruptcy case (the "<u>Chapter 11 Case</u>").

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor intends to continue operating its business as debtor-in-possession.

3. No request has been made for the appointment of a trustee or examiner, and no official committees have been established in the Chapter 11 Case.

4. The current deadline to file a plan prior to the expiration of the exclusivity period is November 27, 2020.

5. Following the initial status conference hearing, by order of this Court, docket no. 47, the Court set the deadline for Debtor to file its plan by December 14, 2020.

6. The Debtor expects to have the Plan on file by the December 14th deadline.

**LEGAL ARGUMENT**

**A. Legal Standard**

Section 1121(b) of the Bankruptcy Code provides that a debtor has the exclusive right to file a plan of reorganization for an initial period of 120 days after commencement of its Chapter

11 case. *See* 11 U.S.C. § 1121(b).

Section 1121(d)(1) of the Bankruptcy Code provides:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1). Bankruptcy Code section 1121(d)(2) provides that any such extension cannot extend beyond 18 months after the Petition Date for the 120-day period. The relief requested by the Debtor in this Motion does not exceed these restrictions.

The exclusive periods under Bankruptcy Code section 1121 are intended to afford a debtor a meaningful opportunity to develop and confirm a consensual plan of reorganization. *See In re Ames Dep't Stores, Inc.*, 1991 U.S. Dist. LEXIS 17074, at *8, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors."). The Bankruptcy Code does not define "cause" for an extension of the exclusivity periods. However, the legislative history of section 1121(d) indicates that the initial 120-day period established by section 1121(b) merely represents a baseline from which bankruptcy courts are free to deviate, particularly in complex cases such as that of the Debtor:

> The court is given the power . . . to increase or reduce the 120-day period depending on the circumstances of the case. For example, if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1977).

Courts have developed a list of several factors to consider in determining whether a debtor has had an adequate opportunity to negotiate a Chapter 11 plan and thus whether cause exists to extend the exclusive periods under Bankruptcy Code section 1121(d). Those factors are:

   a. the size and complexity of the case;
   b. the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
   c. the existence of good faith progress toward reorganization;
   d. the fact that the debtor is paying its bills as they become due;
   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   f. whether the debtor has made progress in negotiations with its creditors;
   g. the amount of time which has elapsed in the case;
   h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
   i. whether an unresolved contingency exists.

*In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006).

Although a court need not find the existence of each and every one of these factors to justify an extension of the Exclusive Periods, taken as a whole, these factors favor granting the Debtor its requested extension of the Exclusive Periods.

B. **Cause Exists to Extend the Exclusive Periods**

*Factor 1: Size and Complexity of the Case*

While the Debtor's case is not large in terms of operations, it is large in terms of the amount of secured debt that is being restructured. The secured debt exceeds $26 million spread over thirteen properties with various creditors securing the properties.

*Factors 3, 5: Good Faith Progress Toward Reorganization; Prospects of Filing a Viable Plan.*

Debtor has been actively prosecuting this case, as it has requested court approval on the employment of Marcus & Millichap as its real estate consultant and broker, pending as of filing of this Motion and has been in discussions with a DIP facility to assist in funding. Debtor is also actively pursuing the employment of a Chief Restructuring Officer to assist in the reorganization.

*Factor 7: Amount of Time that Has Elapsed in the Case*

This is the first request for an extension of the exclusive periods, which comes just under four months after the commencement of the Debtor's bankruptcy case. Further, this request for an

extension of the exclusive period is more procedural in nature, as the Court has set a deadline for Debtor to file a Plan by December 14, 2020 of which Debtor intends on complying with.

*Factor 8: No Pressure on Creditors*

This is not a case in which the Debtor is seeking to extend the exclusive periods in order to maintain leverage over a group of creditors whose interests are being harmed by the chapter 11 case. The Debtor needs additional time to finalize its DIP financing which would be critical to the Plan's success.

*Factor 9: Unresolved Contingency*

The success of the Debtor's proposed Plan likely will be affected by the post-petition financing its finalizing. Having the additional time to finalize the financing is necessary to the filing of a Plan. This factor also favors the requested short extension.

**CONCLUSION**

For all the foregoing reasons, the Debtor respectfully requests that the Court enter its order:

1. Extending the exclusive period for the Debtor to file a plan of reorganization to January 26, 2021; and

2. For such other relief as is just and proper.

Dated: November 13, 2020

LAW OFFICES OF GABRIEL E. LIBERMAN, APC

By: /s/ Gabriel E. Liberman
    Gabriel E. Liberman
    Attorney for AME ZION WESTERN
    EPISCOPAL DISTRICT